WILL NOSS, *Plaintiff in Error.*

*vs.*

JOSEPH CORD and GEORGE SOUTHWELL, *Defendants in Error.*

The remedy provided by chapter 120, in relation to the lien of mechanics and others, of the Revised Statutes, is a peculiar one, to be enforced in a peculiar manner.

A justice of the peace has no jurisdiction of such proceedings, though the amount claimed is less than one hundred dollars.

The party recovering judgment in a proceeding to enforce a mechanic's lien, is entitled to his costs, though the amount recovered be less than one hundred dollars.

This case is stated fully in the opinion of the Court. The only objection to the judgment was, the awarding of costs.

*James A. Mallory* for the plaintiff in error. The court below erred in rendering judgment for costs in favor of the plaintiffs below, but should have given full costs to the defendant below. *R. S. p.* 656, § 4; 655, §5.

This being a personal action for collection of a debt less than $100, is within the jurisdiction of a justice's court, which jurisdiction cannot be taken away except by express words, or by unavoidable implication. *Scidmore vs. Smith,* 13 *Johns.* 320; *Wheaton vs. Hibbard,* 20 *Johns.* 290; *Livingston vs. Van Ingen,* 9 *Johns.* 509; 5 *id.* 175; 10 *id.* 389; 15 *id.* 220; *Stafford vs. Ingersoll,* 3 *Hill,* 38; 20 *Wend.* 614; *Renwick vs. Morris,* 3 *Hill,* 621; affirmed 7 *Hill* 575. The cases cited above seem to apply with full force in this case, where a special remedy is provided for a

JUNE TERM,
1835.

NOSS
vs.
Cord and
Southwell.

certain class of creditors in addition to the statutes and laws giving general remedies to all creditors.

A statute ought to receive such a construction as will best answer the intention of the makers, which intention may be ascertained from the causes which led to the enactment of the statute. *Taneville vs. Hall,* 4 *Comst.* 140. In this case the object of the mechanic's lien, is, to give the mechanic an additional and more sure remedy than was given by the general statute. *R. S. p.* 616, § 120.

The statute providing a mechanic's lien, does not create a new kind of action, but is intended merely to give an additional security to the mechanic.

The lien or claim required to be filed, is only intended as a bill of particulars of the mechanic's demand, with a description of the property upon which the lien is claimed; and, as a notice of the same to those who may acquire other liens upon such premises. *R. S., chap.* 120.

There is no necessary connexion between the lien filed, and the action to recover the debt due; after the lien is filed, the mechanic should proceed according to the general statutes regulating the commencement of actions. *Section* 1, *chap.* 120 *R. S.,* merely sets apart the premises against which the lien is filed, and makes them subject to the payment of the debt contracted for building, &c. on said premises. In such cases, when the amount due is less than $100, the mechanic should sue in a Justice's Court, and may, if he recover judgment, collect his claim out of any personal property subject to execution; and if no such property of the debtor can be found, he may file a transcript of such judgment in the Circuit Court, and issue execution against the debtor's property describ-

ed in the lien, or against any other property of such debtor subject to execution ; or, if a sub-contractor be plaintiff, such sub-contractor may proceed by *scire facias*, founded upon the record of judgment entered in said Circuit Court on the filing of the said transcript.

The statute giving the mechanic's lien, does not intend that the mechanic shall use it to oppress his debtor, but as a measure for protection only, which object could as well be secured in a case like this, by suing in a Justice's Court, for amounts within its jurisdiction, as by suit in a court of record.

*M. Steever*, for the defendant in error.

1. The statute settles the question, as to the courts in which mechanic's liens shall be filed. *R. S.*, *chap.* 120, § 4 and 5.

An alderman or justice of the peace has no jurisdiction of a mechanic's lien, because mechanic's liens are made liens on real estate, and a judgment on a justice's docket would not be sufficient notice of such lien. *Sharp vs. Reese*, *Dist. Ct.*, 1816 ; 1 *Fr. Journal*, 356 ; *Serg't on Mech. Lien*, 37 ; *Williams vs. Tearney*, 8 *S. & R*. 58 ; 2 *Troubat & Haley's Pa. Prac.* 293.

3. Defendant is liable to full costs, though the judgment be less than $100. *R. S.*, *chap.* 120, § 6 ; *chap.* 131, § 33.

*By the Court*, Smith, J. The defendants in error filed a petition for a lien as mechanics, in the County Court of Milwaukee county, in pursuance to chapter 120 of the Revised Statutes, claiming a lien on a certain building, on a certain lot described in said pe-

June Term,
1853.

Noss
vs.
Cord and
Southwell.

tition, and claiming amount due $95.00. The petition was filed Feb. 4, 1852, and the same day an action was commenced to recover the claim in accordance with the provisions of section 8, of the chapter before named. The defendant pleaded the general issue, with notice; trial was had, upon which the claim of the plaintiffs was reduced, by payments and set-off, to the sum of ten dollars, for which the County Court rendered judgment in favor of the plaintiffs, together with full costs, which were afterwards taxed at $21.04.

The defendant below then moved the court to vacate or set aside so much of the judgment as awarded costs to the plaintiffs, on the ground that the amount was within the jurisdiction of a justice of the peace, and the proceeding should have been commenced in a justice's court. The court denied the motion; to which exceptions were taken by the defendant below, and the case by him brought here by writ of error, for the judgment of this court.

It is insisted by the plaintiff in error, that when the amount of the claim, for which a mechanic or other person has a lien upon a building under chapter 120 of the Revised Statutes, is $100, or less, he should file his petition for a lien in the County or Circuit Court, and then proceed to obtain his judgment before a justice of the peace, and if personal property of the debtor cannot be found to satisfy his judgment, he should take a transcript of the judgment of the justice, and file the same in the Circuit or County Court, in which his petition may have been filed before.

We do not think so. The object of chapter 120 of the Revised Statutes was, to provide a certain lien upon buildings, in favor of those who had bestowed labor

or materials in the erection or construction thereof.
The statute provides a peculiar remedy, to be enforced
in a manner, in some respects peculiar ; and especially
does it give peculiar and extraordinary force to the
execution issuing upon the judgment rendered in such
cause.   The sheriff is required to give the purchaser
an absolute deed of the premises, on sale by virtue of
the execution.   This execution must follow the judg-
ment, and the judgment must be in pursuance of the
action commenced upon the claim or petition filed.
This petition or claim is required by section 4, of the
said chapter to be filed, and an action for the recovery
thereof to be commenced within one year from the
time of the furnishing of the materials, or perform-
ance of the work ; and, by section 5, the petition or
claim is required to be filed in the Circuit or County
Court of the proper county.

The statute evidently contemplates all the proceed-
ings to be had in a court of record.   The filing of a
transcript of a justice's judgment, in the Circuit Court,
would not authorize such an execution and sale as is
contemplated by the 11th section, nor could a sale
upon execution issued out of the Circuit Court, upon
the filing of the transcript, carry the title, or autho-
rize the deed, as prescribed by that section.   The
transcript could have no relation to the lien filed, and
would only authorize the issuing and service of an
execution in an ordinary manner.

Justices of the peace have no jurisdiction of a me-
chanic's lien, or of the process to enforce it.   It is a
proceeding peculiar to a court of record.   It must there
be commenced and consummated, and the party recov-
ering is entitled to costs.

The judgment of the County Court is affirmed with
costs.